UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE DEL CORSO,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:20-cv-1099 AC<br><br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED.  The matter will be reversed and remanded to the Commissioner for further proceedings.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on October 25, 2017 due to depression, anxiety, high blood pressure and cholesterol, sleep apnea, attention deficit hyperactivity disorder (ADHD), and a

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

1

cervical spine abnormality. Administrative Record ("AR") 1428.[2] The disability onset date was alleged to be April 30, 2015. Id. The application was disapproved initially and on reconsideration. AR 1358, 1364. On October 25, 2019, ALJ Matilda Surh presided over the hearing on plaintiff's challenge to the disapprovals. AR 1292 – 1322 (transcript). Plaintiff, who appeared with her counsel Kathleen Fiorillo, was present at the hearing. AR 1294. Gail L. Maron, a Vocational Expert ("VE"), also testified at the hearing. Id.

On March 13, 2019, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 19-30 (decision), 31-33 (exhibit list). On March 30, 2020, after receiving new medical records (Kaiser Permanente dated May 26, 2015 to November 11, 2017 (347 pages), and Kaiser Permanente dated March 6, 2018 to April 8, 2019 (812 pages) and concluding "this evidence does not show a reasonable probability that it would change the outcome of the decision," the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision and additional exhibit list).

Plaintiff filed this action on June 2, 2020. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF No. 14. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 17 (plaintiff's summary judgment motion), 22 (Commissioner's summary judgment motion). Plaintiff did not file a reply brief.

## II. FACTUAL BACKGROUND

Plaintiff was born in 1958 and accordingly was, at age 56, a person of advanced age under the regulations, at her alleged onset date.[3] AR 230. Plaintiff has at least a high school education, and can communicate in English. AR 1707, 1711. Plaintiff worked at a utility company from 2005-2015, serving as a revenue protection operator, a clerk typist, and a senior new business representative. AR 1444.

////

---

[2] The AR is electronically filed in OCR format at ECF No. 11-18 (AR 1 to AR 1817).
[3] See 20 C.F.R. § 404.1563(3) ("person of advanced age").

2

## III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).  Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

////

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

>Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

>1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.
>
>2. [Step 1] The claimant has not engaged in substantial gainful activity since April 30, 2015, the alleged onset date (20 CFR 404.1571 et seq.).
>
>3. [Step 2] The claimant has the following severe impairments: cervical degenerative disc disease and bilateral hand osteoarthritis (20 CFR 404.1520(c)).
>
>4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
>5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with the following limitations: sit, stand, and/or walk 6 hours in an 8-hour workday; frequently reach overhead and laterally with the dominant upper extremity; and frequently handle and finger bilaterally.
>
>6. [Step 4] The claimant is capable of performing past relevant work as a Customer Service Representative (DOT #241.637-014, sedentary, SVP 5, light as performed), Work Order Clerk (DOT #221.382-022, sedentary, SVP 3), and Construction Project Manager (DOT #182.167-026, light, SVP 7). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

> 7. The claimant has not been under a disability, as defined in the Social Security Act, from April 30, 2015, through the date of this decision (20 CFR 404.1520(g)).

AR 24-30. As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 30.

## VI. ANALYSIS

Plaintiff presents the following issues for judicial review: "1) Whether, Based On The New Evidence Offered To The Appeals Council, The ALJ Decision Is No Longer Supported By Substantial Evidence; 2) Whether the ALJ Offered Legally Sufficient Reasons For Finding Plaintiff Not Fully Credible; 3) Whether The ALJ Did Not Give Legally Sufficient Reasoning For Rejecting The Examining Physician's Report; 4) Whether these failures were harmful; and 5) Whether this case should be remanded for payment of benefits or further proceedings." ECF No. 17 at 6.

   A.  <u>The Evidence Submitted to the Appeals Counsel Requires Remand</u>

On December 27, 2019, after the ALJ concluded that plaintiff was not disabled, her attorney submitted an evaluation performed by Michael Anthony Zoglio, MD, plaintiff's treating psychiatrist, and other medical records to the Appeals Council. See AR 35 (medical source statement of Dr. Zoglio, dated July 23, 2019); 43 (Kaiser Permanente "encounter record" dated March 6, 2018, reflecting ongoing psychiatric treatment and medication). Dr. Zoglio's opinion directly addressed plaintiff's ability to perform full time work. AR 35. Dr. Zoglio opined that plaintiff would miss more than 4 days of work per month due to mental illness, that the expected duration of symptoms is lifelong with an onset of at least 10 years prior. Id. Dr. Zoglio stated plaintiff could focus for up to one hour at a time, was limited to following simple instructions, and has difficulty dealing with the public. Id.

The Appeals Council noted its receipt of various Kaiser medical records, and declined review of the ALJ's decision on grounds that the new evidence failed to show a "reasonable probability that it would change the outcome of the decision." AR 2; see also AR 1 ("we considered the reasons [you disagree with the decision] and exhibited them on the enclosed Order of Appeals Council … We found that this information does not provide a basis for changing the

6

Administrative Law Judge's decision."). The evidence identified by the Appeals Council did not include Dr. Zoglio's July 2019 medical source statement. See AR 1-2.

When a claimant submits evidence to the Appeals Council that an ALJ did not consider, the Appeals Council must consider that new evidence in deciding whether to review the ALJ's decision and "that evidence [then] becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012). The question on appeal to this court is "whether, in light of the newly submitted evidence, the ALJ's decision remains supported by substantial evidence; whether it is still the case that 'a reasonable mind' would find there is enough evidence to support the ALJ's decision even if the additional evidence had been considered." Lukesic v. Saul, 2021 WL 1105155, at *4 (E.D. Cal. Mar. 23, 2021) (quoting Biestek v. Berryhill, 139 S. Ct. 1148, 115 (2019) (explaining substantial evidence standard)).

The Commissioner acknowledges that the Appeals Council failed to specifically acknowledge Dr. Zoglio's medical source statement, but argues that the opinion does not relate to the period at issue (April 30, 2015-March 13, 2019). Id. The Commissioner notes that the plaintiff did not see Dr. Zoglio during the relevant period, and contends that Dr. Zoglio's onset timeframe of "over 10 years" ago is vague. Id. at 6. Finally, the Commissioner argues that the ALJ agreed plaintiff had a medically determinable mental health impairment but found that it did not cause more than a minimal limitation to plaintiff's ability to work (see AR 24-25). Id.[4]

The court is not persuaded by the Commissioner's arguments. An onset date of "over 10 years ago" from the opinion date of July 23, 2019 is no later than July 23, 2009, which clearly encompasses the closed period at issue. AR 35. Where a medical opinion related to the period of disability, that opinion should have been considered. See 20 C.F.R. § 404.970(b) ("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only

---

[4] The Commissioner also makes arguments regarding judicial economy and the timely presentation of evidence. ECF No. 22 at 5. While these considerations are of course legitimate, no binding precedent requires rejection of plaintiff's claim on these grounds. The court finds these factors to be an inadequate basis for decision.

where it relates to the period on or before the date of the administrative law judge hearing decision."). Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1233 (9th Cir. 2011). The fact that the ALJ found plaintiff's mental health impairments to be minimal (AR 24) without the benefit of Dr. Zoglio's opinion does not detract from the need for the ALJ to consider Dr. Zoglio's opinion. Remand is necessary so that the ALJ can consider the evidence[5] submitted to the Appeals Council in her evaluation.

### B. The ALJ Properly Rejected Plaintiffs' Subjective Testimony as to Physical Pain and Impairment

The ALJ properly rejected plaintiff's subjective testimony regarding severity of her pain and impairments. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted). The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Id. at 1016.

---

[5] The court notes that additional Kaiser medical records were also provided to the Appeals Council. Plaintiff does not make specific argument regarding those records. Thus, the court remands based only on the need to consider Dr. Zoglio's opinion.

Here, the ALJ noted that plaintiff "alleged disability due to depression, neck and bilateral hand pain, and shoulder arthritis in the right dominant arm. The claimant reported deficits in exertional, postural, and mental activities. Notably, the claimant alleged difficulty with sitting, standing, walking, reaching, and using hands." AR 27. The ALJ relied on lack of objective evidence, a history of conservative treatment, and activities of daily living to support the decision to discount plaintiff's testimony. The court finds the ALJ adequately supported the conclusion that plaintiff has a history of conservative treatment with regard to the alleged impairments. AR 27, 28. A history of conservative treatment is an adequate reason to discount testimony of disabling pain. Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) (stating that evidence of conservative treatment may be "sufficient to discount a claimant's testimony regarding severity of an impairment"). The lack of objective evidence also supports the ALJ's conclusion. There is a history of normal exams and medical imaging showing only moderate degenerative changes. AR 27-29, 1547, 1553, 1593, 1713-14, 1741. See Morgan v. Comm'r, 169 F.3d 595, 600 (9th Cir. 1999) (a conflict between subjective complaints and objective medical evidence undermines a claimant's testimony).

The court notes that the ALJ did not address plaintiff's alleged mental health impairments in the discussion discounting plaintiff's subjective testimony. Plaintiff does not make a specific argument regarding this omission, potentially because it is intertwined with the consideration of Dr. Zoglio's opinion. Plaintiff testified that depression also factored into her day, sometimes preventing her from doing anything at all, on average three days a week. AR 1307, 1309. Plaintiff's mental health testimony must be reconsidered by the ALJ in light of the Dr. Zoglio opinion and the reconsideration of Dr. Stafford's report, as discussed below.

C.  The ALJ Improperly Evaluated Dr. Stafford's Report

On January 20, 2018, Dr. Megan Stafford provided a consultative psychological examination of plaintiff. AR 1710. Dr. Stafford found that plaintiff had moderate impairment in the ability to maintain regular attendance in the workplace due to depressive symptoms and avolition, as well as moderate limitation in ability to deal with work related stress due to depression and poor coping skills. AR 1710. The ALJ found Dr. Stafford's opinion partially

9

persuasive, opining in relevant part that:

> Dr. Stafford's assessment of the claimant's limitation in completing a workday without psychological interruptions was not fully assessed in the evaluation in terms of time off-task during the workday. Further, Dr. Stafford found the claimant moderately impaired in the ability to maintain regular work attendance and deal with normal work-related stress. Dr. Stafford's moderately impaired findings are inconsistent with the 'paragraph B' mental functioning limitations noted above, namely the claimant's mild limitation in adapting and managing oneself. Moreover, Dr. Stafford's moderate impairment with maintaining work attendance is inconsistent with the unimpaired finding regarding the claimant's ability to perform work activities on a consistent basis and mild impairment in completing a workday without psychological interruptions.

AR 25-26.

With respect to the Paragraph B criteria used to discount Dr. Stafford, the ALJ refers to her own conclusions. ALJs evaluating a claimant's mental health impairment must determine whether the claimant rate the degree of functional limitation in four areas utilizing the "psychiatric review technique" or the "paragraph B" criteria. Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 725 (9th Cir. 2011) (citing 20 C.F.R. § 404.1520a). Effective March 27, 2017, the Social Security Administration ("SSA") revised the paragraph B criteria for assessing mental functioning. 20 C.F.R. § 404.1520a (2020). Under the revised paragraph B criteria, evaluators examine a claimant's ability to: "understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The degree of functional limitation in these four areas is rated utilizing a five-point scale: none, mild, moderate, marked, and extreme with "none" or "mild" typically resulting in the ALJ finding the mental impairments are not severe. 20 C.F.R. §§ 404.1520a(c)(4), 404.1520a(d)(1), 416.920a(c)(4), 416.920a(d)(1).

In her Paragraph B findings, the ALJ relied on "activities of daily living" she had referenced elsewhere ("taking care of her dog, doing laundry, gardening, driving, preparing meals, and managing money") and the additional activities of "seeking medical treatment and regularly participating in AA meetings" as rationale for finding a mild limitation in the functional area of adapting and managing oneself. AR 25. The ALJ did not specify, however, how any of these activities support a finding of mild limitation in this functional area. It is not readily

apparent that these activities, which amount to basic household chores and medical maintenance, support the ALJ's Paragraph B finding or undermine the opinion of Dr. Stafford. "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). For the ALJ to properly rely on the cited activities, she was required to explain how they translate into plaintiff's ability to maintain fulltime employment. See, e.g., Jackson v. Saul, No. 3:18-CV-00108-CWD, 2019 WL 4601835, at *7 (D. Idaho Sept. 23, 2019) ("The ALJ did not explain how maintaining hygiene, preparing simple meals, using a telephone, reading, watching television, and performing household chores equates to the ability to sustain the persistence, pace, and concentration required to maintain full time employment."). It was not sufficient for the ALJ to discount Dr. Stafford based on her own improperly supported prior finding.

The Commissioner is correct that the regulatory framework regarding medical opinions has changed for claims, like this one, filed on or after March 27, 2017. AR 1428, ECF No. 22 at 13. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions, even those from treating sources. 20 C.F.R. § 404.1520c(a) (2017). They also eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. The court agrees with the Commissioner that under the new framework ALJs must explain how the factors of supportability and consistency were considered, as these are the two most important factors in determining the "persuasiveness" of a medical opinion. 20 C.F.R. § 404.1520c(a), (b)(2) (2017). The ALJ here, however, did not satisfy the new regulatory requirements with respect to Dr. Stafford's opinion. It is insufficient for the ALJ to rely on an inconsistency between the doctor's opinion and the ALJ's own improperly supported prior conclusions. The ALJ accordingly erred by failing to sufficiently address supportability and consistency.

////

////

D. Remand

The undersigned agrees with plaintiff that the ALJ's errors are harmful and remand for further proceedings by the Commissioner is therefore necessary. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this case was harmful because the statements of Dr. Stafford and Dr. Zoglio, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ failed to properly consider plaintiff's testimony. Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 19), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: June 16, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE